OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Austin

C
O-
P
Y

Gerald C. Mann
Attorney General


Honorable T. O. Walton, President,
Agricultural and Mechanical College of Texas
College Station, Texas

Dear Dr. Walton:          Opinion No. O-4315

                          Re: Legality of the Board of
                              Directors appropriating
                              local funds for the pur-
                              pose of carrying liabil-
                              ity insurance on college-
                              owned motor vehicles.

        We beg to acknowledge receipt of your letter ask-
ing for an opinion from this Department, as follows, to-wit:

        "The Business Manager of the College has
        requested me to ask your department for an
        opinion with regard to the legality of the
        Board of Directors of the College appropriat-
        ing local funds for the purpose of carrying
        liability insurance on college-owned motor
        vehicles.

        "We have understood heretofore that the
        Board of Directors is without legal author-
        ity to carry such insurance and that this ap-
        plies to every branch of the State Government;
        however, we are advised that the Prison system
        carries such insurance and we are of the opin-
        ion that if it is legal for the Prison Board
        to do so, it might be legal for our Board to
        carry such insurance on college-owned and
        operated motor vehicles."

        This Department has given several opinions to the
effect that it is the general policy of the State to carry
its own risk in respect to insurance on State-owned property,
the only exception being where the Legislature has by general

statute, or by specific appropriation indicated otherwise.

The following opinions, copies of which we hand you herewith, exemplify this, to-wit:  0-184, 0-201, 0-842, 0-1100, 0-1762 and 0-2130.

In Opinion No. 0-1100 we said:

"An available specific appropriation to pay the premium on any kind of a policy issued in favor of the State would amount to a subsequent declaration of policy by the Legislature and would, to that extent, repeal the policy announced by the Resolution above referred to."

In the same opinion we pointed out that there was at that time a specific appropriation made to the Texas Prison System for the purpose of paying "liability insurance premiums". We, however, held that this specific appropriation for "liability insurance premiums" did not authorize the expenditure of System funds for another kind of insurance premium, as for casualty insurance.

Nowhere in the present Appropriation Act is there any provision or item whatsoever that could be held to cover the expenditure as to which you inquire, and you are therefore accordingly advised that the power does not exist in your Board to make such expenditure.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      /s/  Ocie Speer
             Ocie Speer
             Assistant

APPROVED JAN 16, 1942

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR
Enclosures

APPROVED
Opinion
Committee

By  BWB
    Chairman